**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Addis Adam Laws, Jr., | No. CV-22-00937-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| State of Michigan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Laws' Complaint. (Doc. 1.) For the reasons set forth below, the Court will dismiss Plaintiff's Complaint without leave to amend.

**I.   BACKGROUND**

In September of 2021, Plaintiff filed a complaint before Judge McNamee, *see* Complaint, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Sep. 17, 2021), which asserted nine claims under 42 U.S.C. § 1983, including

> (1) "Deprivation of Rights Under Color of Law"; (2) "Compelled Disclose [sic] and Use of an SSN"; (3) "Article I. Section 9 Paragraph 3"; (4) "First Amendment Violations and Deprivations"; (5) "Fourth Amendment Violations and Deprivations"; (6) "Fifth Amendment Violations and Deprivations"; (7) "Sixth Amendment Violations and Deprivations"; (8) "Thirteenth Amendment Deprivations and Violations"; and (9) "Fourteenth Amendment Deprivations and Violations."

Order at 2–3, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Oct. 8, 2021), ECF. No. 5. Judge McNamee initially dismissed the complaint for its frivolity and failure to state a claim, but provided Plaintiff leave to amend. *Id.* at 2–4. Plaintiff then filed an

amended complaint. *See* First Amended Complaint, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Oct. 22, 2021). Judge McNamee found this amended complaint to be "a nearly word-for-word copy" of Plaintiff's initial complaint, which did not cure any of its deficiencies. Order at 1, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Oct. 27, 2021), ECF No. 7. Consequently, Judge McNamee dismissed the complaint with prejudice for its frivolity and failure to state a claim. *Id.* at 1–2.

In June of 2022, Plaintiff filed the instant Complaint, which is also a nearly word-for-word copy of the complaint dismissed by Judge McNamee. (*Compare* Doc. 1, *with* First Amended Complaint, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Oct. 22, 2021)). The only discernable difference in the instant Complaint is that Plaintiff has added Steven M. Pestka—a Michigan state court judge—to the list of defendants against which he seeks monetary and injunctive relief. (*See* Doc. 1 at 1, 3, 6, 16–17.) However, nowhere in the Complaint does Plaintiff explain how Judge Pestka is involved in the allegations, nor does it otherwise explain how the judge is at all related to this case.

## II.    LEGAL STANDARD

In a pro se filing, the Court is required to review a complaint to determine whether the action:

(i)   is frivolous or malicious;
(ii)  fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Under § 1915, a district court may dismiss a case via the doctrine of res judicata when the Plaintiff raised the same claims against the same defendants—and their privies—in a prior federal action, and that case was dismissed as frivolous. *Kolocotronis v. Benefis Healthcare*, 360 F. App'x 860, 861 (9th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).

## III.   DISCUSSION

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v.*

*Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)). "Res judicata applies when the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.2002)) (cleaned up). Here, res judicata bars Plaintiff's suit.

First, this suit involves the same claims as the suit that was before Judge McNamee. When determining whether two suits involve the same claim, the Court considers whether (1) "the two suits arise out of the same transactional nucleus of facts"; (2) the "rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; (3) "the two suits involve infringement of the same right"; and (4) "substantially the same evidence is presented in the two actions." *Id.* Here, the Court may easily answer all four in the affirmative because Plaintiff's instant Complaint is essentially a copy-and-paste job of the complaint that was before Judge McNamee. (*Compare* Doc. 1, *with* First Amended Complaint, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Oct. 22, 2021)). This case unequivocally involves the same claims.

Second, the suit before Judge McNamee reached a final judgment on the merits. "'Final judgment on the merits' is synonymous with 'dismissal with prejudice.'" *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)). Here, Judge McNamee dismissed Plaintiff's suit with prejudice, Order at 2, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Oct. 27, 2021), ECF No. 7, thereby rendering a final judgment on the merits.

Third, this suit involves identical parties to the previous suit. The only exception is that Plaintiff named Judge Pestka in this action but not the other. However, "the naming of additional parties does not eliminate the res judicata effect of a prior judgment 'so long as the judgment was rendered on the merits, the cause of action was the same and the party against whom the doctrine is asserted was a party to the former litigation.'" *U.S. ex rel.*

*Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 249 (9th Cir. 1992) (quoting *Dreyfus v. First Nat'l Bank of Chicago*, 424 F.2d 1171, 1175 (7th Cir. 1970)). Here, the doctrine is being applied against Plaintiff—who was a party to the former litigation—and, as stated, the judgment in the previous case was on the merits for the same claims as those asserted here. Consequently, the parties are identical, and all three elements have been met.

Therefore, the Court finds that Plaintiffs case is barred by the doctrine of res judicata. Moreover, it is "'absolutely clear' that [Plaintiff] could not cure [his Complaint's] deficiencies by amendment," *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014), because nothing can alter the application of this doctrine.[1] Thus, the Court will not provide Plaintiff with leave to amend.

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** dismissing Plaintiff's Complaint, (Doc. 1), with prejudice.

**IT IS FURTHER ORDERED** instructing the Clerk to enter judgment in accordance with this order and close this case.

Dated this 16th day of June, 2022.

Honorable Susan M. Brnovich
United States District Judge

---

[1] Even if this case were not barred by res judicata, the Court would dismiss it for the same frivolity and failure to state a claim that led Judge McNamee to dismiss it. *See* Order at 2–3, *Laws v. Michigan*, No. 2:21-cv-01598-SMM (D. Ariz. Oct. 8, 2021), ECF. No. 5.